ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM. *
This attorney disciplinary proceeding arises from four counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Terrance J. Powers, an attorney licensed to practice law in the State of Louisiana, but currently under suspension.[1] The ODC alleges re *1276 spondent’s conduct violates Rules 1.3 (lack of diligence), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.16(d) (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1 (failure to cooperate with the ODC), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct.
UNDERLYING FACTS

Count I

In November 1995, Julius W. Lewis, Jr. retained respondent to pursue a personal injury claim. Respondent failed to communicate with his client, did little or no work in the matter, and allowed the claim to prescribe. After Mr. Lewis complained to the ODC concerning respondent’s conduct, respondent failed to cooperate with the ODC and did not file a response to Mr. Lewis’ complaint.

|,Count II

George L. Bené retained respondent in April 1996 to handle a paternity matter. Mr. Bené paid respondent a $1,000 fee, but respondent did little or no work in the matter. Respondent abandoned his client, failed to communicate with him, and failed to account for or return any unearned fee.

Count III

Respondent was sent a copy of a complaint filed by Mr. Bené concerning the matter which is the subject of Count II. Respondent failed to reply to the complaint. On December 1, 1997, respondent was personally served with a subpoena to appear before the ODC to testify in the Bené matter. Respondent failed to appear at the appointed time.

Count IV

Ernest Netherland retained respondent in December 1995 to handle a child custody matter. Although respondent initially completed some work in the matter, including filing a rule for child support in January 1997, respondent thereafter did little or nothing on behalf of his client and failed to complete the matter. Respondent abandoned his client, failed to communicate with him, failed to account for or return any unearned fee, and failed to return the client’s file upon request. Furthermore, after Mr. Netherland complained to the ODC concerning respondent’s conduct, respondent failed to cooperate with the ODC and did not file a response to Mr. Netherland’s complaint.
DISCIPLINARY PROCEEDINGS
After the ODC filed the formal charges, respondent failed to answer. Accordingly, no formal hearing was conducted, and the matter was submitted on documentary evidence only.

Hearing Committee Recommendation

The hearing committee found respondent’s misconduct was at least knowing, if not intentional, and that his clients’ legal matters were delayed as a result. Furthermore, respondent’s | ¡/failure to respond to the complaints against him delayed the disciplinary process, diverted its limited resources, and impaired the orderly functioning of the system. Finally, the committee pointed out that respondent still owes unearned fees of $1,000 to Mr. Bené and $600 to Mr. Netherland.
The committee found the following aggravating factors: prior discipline,[2] dishonest or selfish motive, pattern of misconduct, obstruction of the disciplinary investigation, vulnerability of the victims, *1277 and indifference to making restitution. The committee found no mitigating factors. Under the circumstances, the hearing committee recommended that respondent be suspended for at least, three years and ordered to pay restitution to his clients.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee. The board found that respondent has violated duties owed to his clients, the legal profession, and the public, and has engaged in knowing and intentional misconduct.
Under the circumstances, the board agreed that the baseline sanction for respondent’s conduct is suspension. As aggravating factors, it recognized prior discipline, dishonest or selfish motive, pattern of misconduct, multiple offenses, obstruction of the disciplinary process, refusal to acknowledge wrongdoing, vulnerability of the victims, indifference to making restitution, and substantial legal experience in the practice of law. The board also noted that respondent is ineligible to practice law for failing to fulfill his CLE requirements and for failing to pay his bar dues and disciplinary assessment. The board found no mitigating factors.
In light of respondent’s prior disciplinary history, including the fact that he is currently suspended, and considering the significant aggravating factors and the absence of mitigating factors, the board concluded there was no reason to deviate from the baseline sanction. Accordingly, the board recommended that respondent be suspended from the practice of law for three years, to run consecutively with respondent’s current suspension. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
| ¿Neither respondent nor the ODC filed an objection in this court to the board’s recommendation.
DISCUSSION
The record clearly supports the disciplinary board’s findings that respondent has neglected his clients’ legal matters, has failed to communicate with his clients, and has failed to account for or return unearned fees. On at least one occasion, respondent’s neglect resulted in his client’s claim prescribing. Moreover, the current matters involve the same type of misconduct for which this court suspended respondent only nine months ago. Respondent has also failed to cooperate with the ODC in its investigation of these matters, further compounding his misconduct. Under these circumstances, the lengthy suspension recommended by the disciplinary board is appropriate.
Accordingly, we will accept the recommendation of the disciplinary board and suspend respondent from the practice of law for a period of three years, to run consecutively with respondent’s current suspension.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Accordingly, it is ordered that Terrance J. Powers be suspended from the practice of law for three years, to run consecutively with respondent’s current suspension. Respondent is further ordered to make full restitution to his clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the- date of finality of this court’s judgment until paid.
KNOLL, J. dissents and would disbar this respondent.

 Traylor, J. not on panel. Rule IV, Part II, § 3.

. On January 29, 1999, this court suspended respondent for one year and one day for failing to represent his client with competence and diligence, failing to communicate with his client, failing to refund an unearned fee, failing to comply with CLE requirements, and *1276 failing to cooperate with the ODC. See In re: Powers, 98-2826 (La.1/29/99), 731 So.2d 185.

. Respondent was admonished in 1996 and again in 1997 for misconduct similar to that charged in the instant matter, and as noted above, this court suspended him in January 1999 for one year and one day.