ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This matter arises from three sets , of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against Danny L. Gilbert, an attorney licensed to practice law in Louisiana.[1]
*428 UNDERLYING FACTS
96-DB-091

Count I

In January 1995, Imelda Daly retained respondent to handle a bankruptcy matter. Ms. Daly paid respondent the sum of $560, representing legal and filing fees, and provided respondent with information to prepare the bankruptcy petition and schedules. In November 1995, respondent advised Ms. Daly that the bankruptcy would be filed immediately; however, she later learned that respondent had failed to file anything on her behalf. Ms. Daly made numerous attempts to communicate with respondent, but to no avail. The ODC alleges respondent’s conduct violates Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (lack of diligence), 1.4 (failure to communicate with a client), 1.16(d) (termination of the representation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

12Count II

The ODC alleges that respondent failed to cooperate in the investigation of the Daly matter, in violation of Rules 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a), and 8.4(g) .(failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

Count III

The ODC alleges that respondent provided false and misleading information in connection with the investigation of the Daly matter, in violation of Rules 8.4(c) and 8.4(g) of the Rules of Professional Conduct.

Count IV

In September 1993, Janet Furr and her family paid respondent $1,000 to handle a succession matter. Respondent neglected the matter, failed to communicate with his clients, and failed to refund any unearned fees. Respondent subsequently testified that he had refunded the sum of $450 to Mrs. Furr’s brother, but as of the date of filing the formal charges, no one in the family had received a refund. The ODC alleges respondent’s conduct violates Rules 1.1(a), 1.3, 1.4, 1.16(d), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.

Count V

The ODC alleges that respondent failed to cooperate in the investigation of the Furr matter, in violation of Rules 8.1(c), 8.4(a), and 8.4(g) of the Rules of Professional Conduct.
97-DB-024

Count I

In August 1995, respondent passed an act of sale on immovable property located at 2314 St. Phillip Street in New Orleans. In connection with the transaction, respondent failed to cancel liens and/or mortgages on the property and to pay the taxes due, despite being furnished with sums to do so. Respondent failed to timely record the mortgage and act of sale, and he failed to | .¡communicate with his client regarding the closing. Respondent also failed to provide an accounting for the funds received and disbursed at the closing. In addition, the bank records of respondent’s trust account reflect negative balances, suggesting *429 that respondent commingled and converted the funds in the account. The ODC alleges that respondent’s conduct violates Rules 1.1(a), 1.3, 1.4, 1.15 (safekeeping property of clients or third persons), 8.4(a), 8.4(c), and 8.4(g) of the Rules of Professional Conduct.

Count II

The ODC alleges that respondent failed to cooperate in the investigation of a complaint filed by Lois Worthy Lazard, in violation of Rules 8.1(c), 8.4(a), and 8.4(g) of the Rules of Professional Conduct.

Count III

In January 1997, Sheila and Martha Navarre retained respondent to handle a legal matter and paid him the sum of $500. Respondent neglected the matter, failed to communicate with his clients, and failed to refund any unearned fees. Furthermore, respondent was practicing law when he was ineligible to do so.[2] The ODC alleges respondent’s conduct violates Rules 1.1(a), 1.3, 1.4, 1.5 (fee arrangements), 1.16(d), 5.5 (unauthorized practice of law), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.

Count TV

The ODC alleges that respondent failed to cooperate in the investigation of the Navarre matter, in violation of Rules 8.1(c), 8.4(a), and 8.4(g) of the Rules of Professional Conduct.
D98-DB-063

Count I

In September 1996, Edgar Charles Samuels retained respondent to pursue an appeal of an adverse zoning ruling. Respondent pursued the matter with the Board of Zoning Adjustments. Upon denial of the appeal, respondent was supposed to file suit challenging the decision within 30 days, but he failed to do so. Instead, respondent abandoned his client, failed to communicate with him, failed to account for his fee, and faded to return any unearned fee. Respondent failed to return Mr. Samuels’ file upon request. Respondent also failed to cooperate in the investigation of the complaint filed by Mr. Samuels. The ODC alleges respondent’s conduct violates Rules 1.3, 1.4, 1.5, 1.15, 1.16(d), 8.1(c), 8.4(a), 8.4(c), and 8.4(g) of the Rules of Professional Conduct.

Count II

In July 1996, Peter Landry, retained respondent to defend his interests in a suit entitled Rahim, Ebrahimpour v. Peter Landry and Elizabeth Landry, No. 96-10876 on the docket of the Civil District Court for the Parish of Orleans. Respondent failed to answer the suit on Mr. Landry’s behalf, and a default judgment was rendered against him. Respondent abandoned his client, failed to perform any services on his behalf, failed to account for his fee, and failed to return any unearned fee. Respondent also failed to cooperate in the investigation of the complaint filed by Mr. Landry. The ODC alleges respondent’s conduct violates Rules 1.3, 1.4, 1.5, 1.16(d), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
After the complaints were filed, the ODC conducted an investigation. Subsequently, the ODC instituted three sets of formal charges against respondent. He failed to file an answer to the charges. As a result, no formal hearings were held, but the parties were allowed to present documentary evidence on the issue of sanctions.

kHearing Committee Recommendations

96-DB-091
The hearing committee reiterated the factual information set forth in the formal charges and concluded that respondent violated the professional rules as charged. *430 With respect to the imposition of discipline for respondent’s misconduct, the committee found the baseline sanction is a one year and one day suspension. The committee did not find any mitigating factors, but noted the presence of numerous aggravating factors: prior disciplinary action,[3] dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, submission of false evidence and statements during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1986), and indifference to making restitution. Under the circumstances, the hearing committee recommended that respondent be suspended from the practice of law for one year and one day. The committee also recommended that respondent be ordered to make full restitution, with legal interest, to his clients. Neither respondent nor the ODC objected to the hearing committee’s report.
97-DB-024
The hearing committee reiterated the factual information set forth in the formal charges and concluded that respondent violated the professional rules as charged. The committee concluded respondent violated duties owed to his clients, the profession, and the legal system, and that respondent’s misconduct was at least knowing, if not intentional. The committee also found that the potential injury to respondent’s clients from his misconduct was significant, and that respondent’s failure to cooperate with the disciplinary process resulted in delay, diverted the limited resources of the system, and impaired its orderly functioning.
Referring to the ABA’s Standards for Imposing Lawyer Sanctions, the committee found Standard 4.12 suggests that suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Further, Standard 7.1 suggests that suspension is generally appropriate when a lawyer | ^knowingly engages in conduct that, is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.
As aggravating factors, the committee found prior disciplinary action, dishonest motive, a pattern of misconduct, multiple offenses, obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The committee found no mitigating circumstances.
Accordingly, the committee recommended respondent be suspended from the practice of law for one year and one day. The committee also recommended that respondent be ordered to make full restitution to his clients and to pay all costs of these proceedings.
Neither respondent nor the ODC objected to the hearing committee’s report.
98-DB-063
The hearing. committee reiterated the factual information set forth in the formal charges and concluded that, with the exception of Rule 1.16(d),[4] respondent violated the professional rules as charged.
With respect to the imposition of discipline for respondent’s misconduct, the committee found the baseline sanction is suspension. The committee did not find any mitigating factors, but noted the presence of numerous aggravating factors: dis *431 honest or selfish motive, a pattern of misconduct, obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. Under the circumstances, the hearing committee recommended that respondent be disbarred from the practice of law.
Neither respondent nor the ODC objected to the hearing committee’s report.

\'¡Disciplinary Board Recommendations

96-DB-091 and 97-DB-024
The board concurred in the findings of the- hearing committees that respondent is guilty of the misconduct set forth in both sets of formal charges and that the charges, in their entirety, were proven by clear and convincing evidence. The board found that respondent-has violated duties owed to the legal system, the profession, and the public, and has engaged in knowing and intentional misconduct.
The board found the following aggravating factors: prior discipline, dishonest motive, a pattern of misconduct, multiple offenses, obstruction of the disciplinary process, refusal to acknowledge wrongdoing, vulnerability of the victims, substantial legal experience in the practice of law, and indifference to making restitution. The board found no mitigating factors.[5]
With respect to the sanction to be imposed for respondent’s misconduct, the board agreed that the hearing committee’s recommendations of a suspension of one year and one day are appropriate. However, because the matter involves two consolidated cases, the board found that a single suspension of one year and one day would be inappropriate. Accordingly, the board recommended that respondent be suspended from the practice of law for a period of two years. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the board’s recommendation.
96-DB-091, 97-DB-024, and 98-DB-063
The board concurred in the findings of the hearing committees that respondent is guilty of the misconduct set forth in the three sets of formal charges and that the charges, in their entirety, were proven by clear and convincing evidence. The board found that respondent has | ¿violated duties owed to his clients, the legal system, the profession, and the public, and has engaged in knowing and intentional misconduct.
The board found the following aggravating factors to be present: prior discipline, dishonest motive, a pattern of misconduct, multiple offenses, obstruction of the disciplinary process, refusal to acknowledge wrongdoing, vulnerability of the victims, substantial legal experience in the practice of law, and indifference to making restitution. The board also noted that respondent is ineligible to practice law for his failure to fulfill his continuing legal education requirements and his failure to pay bar dues and the disciplinary assessment. The board found no mitigating factors.
The board then turned to a discussion of an appropriate sanction for respondent’s misconduct. The board noted that three *432 sets of formal charges have been instituted against respondent, alleging a total of eleven counts of misconduct, all of which have been deemed admitted. Considering the significant aggravating factors and the absence of mitigating factors, the board concluded there is no reason to deviate from the baseline sanction of disbarment.
Accordingly, the board recommended that respondent be disbarred from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record supports the hearing committees’ findings that the ODC proved respondent’s misconduct by clear and convincing evidence. His actions demonstrate a pattern of neglect of client matters, failing to account for client funds, and lying to clients regarding the status of their legal matters.. Moreover, respondent has made no genuine attempt at restitution, and his conduct has caused actual harm to his clients. Under, the guidelines set forth in Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), disbarment is an appropriate sanction for such misconduct.
Accordingly, we will accept the disciplinary board’s recommendation and disbar respondent from the practice of law in Louisiana.
lflDECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is. ordered that the name of Danny L. Gilbert be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to his clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Victory, J., not on panel. Rule IV, Part II, § 3.

. The initial set of formal charges was instituted against respondent in December 1996. *428 Before a hearing could be held on these charges, a second set of formal charges was filed in March 1997. The matters were submitted separately to the hearing committee on the issue of the sanction to be imposed, then consolidated at the board level. After the board considered the consolidated matters and Tiled its recommendation with this court, the ODC informed the court that another set of formal charges was pending against respondent. On February 3, 1999, this court ordered that the two consolidated cases be remanded to the board for consolidation with the third set of formal charges, in order that a single recommendation of discipline could be made by the board for all three matters. In re: Gilbert, 98-3221, 98-3222 (La.2/3/99), 731 So.2d 188.

. The record indicates that respondent was certified ineligible to practice for non-payment of 1996-97 LSBA membership dues (effective 10/1/96), non-payment of the 1997 disciplinary assessment (effective 1/1/97), and non-compliance with mandatory continuing legal education requirements (effective 8/8/97).

. Respondent was admonished in 1994 (94-ADB-090) for failing to cooperate in a disciplinary investigation.

. The committee did not find that respondent violated the provisions of Rule 1.16(d) of the Rules of Professional Conduct because no evidence was presented that he terminated his representation of either Mr. Samuels or Mr. Landry.

. In brief, respondent claimed that he contracted polio while an infant; when he reached his mid-40's, his polio symptoms began to reappear, along with a number of psychological symptoms, including depression, chronic stress, anxiety, and compulsive, Type-A behavior. This condition is known as "post-polio syndrome." Respondent contended that his actions and behavior, including his failure to respond to the formal charges, were a result of this condition, and he suggested that a lenient sanction was therefore appropriate. However, the board rejected this argument and refused to accept respondent's “self-diagnosis of this condition without independent evidence from a medical professional that he is suffering from this condition and that it could have impacted his behavior” in the manner he claims.