*429 ATTORNEY DISCIPLINARY PROCEEDINGS
_JjPER CURIAM.
This disciplinary proceeding arises from a joint petition for consent discipline filed by the Office of Disciplinary Counsel (“ODC”) and respondent, Raymond Earl Boudreau, Jr., an attorney licensed to practice law ‘in the State of Louisiana.
UNDERLYING FACTS

Hogan Matter

On January 20, 1999, Herman Hogan retained respondent for a $2,000 “non-refundable retainer fee” to handle a succession matter. Subsequently, respondent failed to complete the work and failed to communicate with his client, despite his client’s repeated efforts to contact him. While respondent later admitted he owed Mr. Hogan $775, he failed to provide an accounting as promised under oath to the ODC.

Babbitt Matter

In November of 1998, Kathleen Babbitt retained respondent to file two civil suits on her behalf for unpaid wages. Subsequently, respondent failed to communicate with his client for over seven months. Later, he misrepresented to Ms. Babbitt that he had filed both suits and was waiting to move for default judgment. When Ms. Babbitt requested a copy of her suits, she learned the suits had not been filed. When respondent eventually filed the suits, they contained erroneous ^information due to clerical error on his part. Moreover, respondent failed to have the defendants served with the suits. Ms. Babbitt was unable to speak to respondent regarding the status of her cases after June of 1999 because his telephone was disconnected. Subsequently, respondent failed to provide the ODC with proof of his withdrawal from representation in Ms. Babbitt’s matters and that he had returned her files.

Bourg Matter

Anne Bourg retained respondent to represent her in a succession matter. Subsequently, respondent failed to communicate with his client regarding her case, despite her repeated telephone calls, letters and visits to his office. Although respondent advised Ms. Bourg and the ODC that he was quitting the practice of law, he failed to return Ms. Bourg’s file to her or her new attorney, despite his promise under oath.

Promissory Note Matter

Respondent executed a promissory note in favor of the Louisiana State Board of Supervisors representing a student loan borrowed for the purpose of attending law school. Subsequently, respondent failed to timely satisfy the financial obligation.

Failure to Cooperate

The ODC conducted separate investigations into each of the matters discussed above. Respondent failed to cooperate with the ODC in virtually all of the cases *430 by failing to respond to its requests for information.
^DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent in the Hogan, Babbitt and Bourg matters.[1] The formal charges alleged violations of Rules 1.1 (incompetence); 1.3 (neglect of a legal matter); 1.4 (failure to communicate with client); 1.5(a) (assessing an unreasonable fee); 1.5(f)(6) (failure to account for and refund an unearned fee); 1.16(d) (failure to protect client interests and return client file at termination of representation); and 8.4(g) (failure to cooperate with ODC) of the Rules of Professional Conduct.
The following week, respondent and the ODC tendered a joint petition for consent discipline and joint stipulation of facts whereby respondent admitted to the allegations of misconduct, including those involving the student loan matter. For such, the parties proposed a three year suspension with conditions of restitution to Ms. Babbitt and the Louisiana State Board of Supervisors, as well as a return of Ms. Babbitt’s file.

Disciplinary Board Recommendation

The disciplinary board concluded respondent violated the professional rules as charged and, therefore, breached his duties owed to his clients, the legal system and the profession. The board recognized that respondent’s actions were knowing and resulted in significant injury to Ms. Hogan through the failure to refund her funds and to Ms. Babbitt through the denial of her legal file, as well as serious potential injury to Ms. Babbitt by respondent jeopardizing her two suits for unpaid wages. Relying j4on the presence of aggravating and mitigating factors,[2] the ABA Standards for Imposing Lawyer Sanctions and jurisprudence from this court, the board recommended the consent discipline be accepted and that respondent be suspended from the practice of law for a period of three years with conditions of restitution and return of Ms. Babbitt’s file.
Neither respondent nor the ODC filed objections in this court to the board’s recommendation.
DISCUSSION
The rule violations in this case, as admitted by respondent, principally involve failure to account for and refund unearned fees, failure to communicate with clients, neglect of client matters, and failure to cooperate with the ODC. The sole issue presented for our consideration is whether the three year suspension proposed by respondent and the ODC is an appropriate sanction for respondent’s misconduct.
In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
In similar cases, this court has imposed sanctions ranging from two year suspensions to disbarment. In re: Gilbert, 99-2566 (La.11/19/99), 748 So.2d 427 (attorney disbarred for multiple charges involving *431 neglecting client matters, failing |sto account for client funds, misleading clients regarding the status of their legal matters and failing to cooperate in a disciplinary investigation); In re: Powers, 99-2069 (La.9/24/99), 744 So.2d 1275 (attorney with prior disciplinary record suspended for three years for neglecting clients’ legal matters, failing to communicate with the clients, failing to account for and return unearned fees and failing to cooperate with the ODC); Louisiana State Bar Ass’n v. Kilgarlin, 550 So.2d 600 (La.1989) (attorney suspended for two years for abandoning clients, failing to keep clients informed, failing to provide accounting, and failure to cooperate with disciplinary authority). The three year suspension from the practice of law proposed by respondent and the ODC falls within this range.[3]
Accordingly, we will accept the joint petition for consent discipline and order that respondent be suspended from the practice of law for a period of three years, as well as comply with the conditions articulated in the joint petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Raymond Earl Boudreau, Jr. be suspended from the practice of law in the State of Louisiana for a period of three years, pay $775 in restitution to Mr. Hogan, commence payment on his student loan obligation and return to Ms. Babbitt her work files. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, |fi§ 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
SUSPENSION ORDERED.

. The ODC sought to file formal charges in the student loan matter, alleging a violation of Rule 8.4(c) for conduct involving dishonesty, fraud, deceit and misrepresentation. However, it did not receive permission to file these charges.

. Based on the stipulated facts, the board noted three aggravating factors, namely, multiple offenses, bad faith obstruction of a disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency and indifference to making restitution. In mitigation, the board noted absence of a prior disciplinary record and inexperience in the practice of law (admitted April 19, 1996).

. Because the sanction in consent discipline proceedings is arrived at by mutual agreement between respondent and the ODC, and is not necessarily the sanction this court would impose under the facts, it has limited precedential value in future cases. While this court has rejected sanctions in consent discipline proceedings which are too lenient, we have sometimes accepted sanctions in such proceedings which arguably could be considered too harsh because the parties have agreed to the sanction. See In re: Hernandez, 00-1283 (La. 10/6/00), 770 So.2d 330; In re: Estess, 98-2741 (La. 1/8/99), 740 So.2d 93 (Calogero, C.J., concurring).