*492 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This attorney disciplinary proceeding arises from three sets of formal charges involving six counts of misconduct filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Anne T. Turissini, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS

00-DB-153

*493 Benyhill Matter[1]
Leona Benyhill consulted with respondent about handling a medical malpractice matter for Ms. BenyhilTs son, who was incarcerated. At respondent’s direction, Ms. Benyhill immediately forwarded her son’s medical records to respondent since the matter was scheduled on the docket of a medical review panel. Subsequently, respondent failed to communicate with Ms. Benyhill regarding the matter. Ms. Beny-hill made numerous attempts to contact respondent, but to no avail.
In January 1999, Ms. Benyhill filed a complaint with the ODC advising of respondent’s failure to communicate and failure to comply -with requests to return the medical records. While respondent submitted an answer to the complaint, she failed to comply with the ODC’s numerous requests that she supplement her response. As [¡>a result, the ODC issued a subpoena compelling respondent’s cooperation in the matter. Subsequently, respondent failed to comply with additional requests that she supplement her answer.

Dorr Matter

In May 1999, Susan Dorr retained respondent for $2,000 to institute divorce proceedings on her behalf. After a one hour initial consultation, respondent drafted a petition for divorce and injunctive relief. On June 17, 1999, respondent filed the petition in the Twenty-Second Judicial District Court for the Parish of St. Tammany. The following day, Ms. Dorr contacted respondent to advise she had reconciled with her husband and sought to withdraw her petition. Respondent contacted the clerk of court by telephone to advise of her intent to withdraw the petition, but neglected to send anything in writing. Ms. Dorr made numerous efforts to contact respondent by telephone, but was unsuccessful.
Two weeks after Ms. Dorr requested that her case be withdrawn, the petition was directed to the Covington Sheriff’s Department for service of process. Five days later, Ms. Dorr’s husband was served with the petition. On the same day, Ms. Dorr faxed a letter to respondent asking that she refund the unearned fee, which included the fees associated with the service of process. Respondent failed to respond to her client’s request. On July 20, 1999, over one month after the case had been filed and her client requested the case be withdrawn, respondent filed the motion to dismiss.
Approximately six months later, Ms. Doit filed a complaint with the ODC advising of respondent’s misconduct relative to the legal proceeding, failure to communicate and failure to account for and return the unearned fee. Respondent neglected to respond to the complaint, and the ODC issued a subpoena compelling 13her attendance at a scheduled deposition. While respondent eventually filed a response to the complaint, the ODC requested that respondent provide an accounting for the services rendered to Ms. Dorr. Respondent failed to comply with the request.

01-DB-032

Anthony Newton, Sean Williams and Alex Treadaway each filed a disciplinary complaint with the ODC alleging respondent had been retained to handle and, subsequently, abandoned their respective criminal matters. In each of the matters, respondent failed to comply with the ODC’s requests that she respond to the allegations of misconduct. The ODC issued subpoenas in connection with the Newton and Treadaway matters to compel respondent’s cooperation.

*494
01-DB-105

In June 2000, Albert and Mary Ann Deidrich retained respondent to institute adoption proceedings on behalf of Mr. Deidrich, who sought to formally adopt his wife’s minor child. At the initial meeting, the clients gave respondent the birth certificate of the minor child and other relevant documentation. Although the Deid-richs paid respondent a $500 advance fee, respondent took no action in the matter. For over nine months, the Deidrichs made numerous efforts to communicate with respondent, but to no avail.
In June 2001, the Deidrichs filed a complaint with the ODC advising of respondent’s neglect of their legal matter and failure to return their fee. In support of their allegations, they enclosed with their complaint copies of the canceled checks relative to the retainer fee.
I ¿DISCIPLINARY PROCEEDINGS

Formal Charges

In December 2000, the ODC filed two counts of formal charges in 00-DB-153 alleging relative to the Benyhill and Dorr matters respondent violated Rules 1.3 (lack of diligence), 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct. The charges also alleged with regard to the Benyhill matter a violation of Rule 1.16(d) (failure to protect client interests upon termination of representation) and, as to the Dorr matter, a violation of Rule 1.5(f)(6) (failure to refund unearned fees or place disputed fees in trust pending resolution).
In March 2001, the ODC filed a second set of formal charges against respondent in 01-DB-032 in connection with the Williams, Newton and Treadaway disciplinary investigations. The three counts of misconduct alleged respondent violated Rules 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct.
In October 2001, in 01-DB-105, the ODC filed a third set of formal charges against respondent involving one count of misconduct arising out of the Deidrich matter. The charges allege violations of Rules 1.3 (lack of diligence), 1.4(a) (failure to communicate with clients) and 1.5(f)(6) (failure to refund unearned fees and place disputed funds in trust) of the Rules of Professional Conduct.
Respondent failed to respond to any of the three sets of formal charges, and the allegations therein were deemed admitted pursuant to Supreme Court Rule XIX, § 11(E)(3).[2] Subsequently, the re *495 spective hearing committees gave the parties the |Ropportunity to file written arguments and documentary evidence on the issue of sanctions. While respondent failed to present anything for consideration in the three proceedings, the ODC submitted evidence in support of each of its cases.

Recommendations of the Hearing Committees

Relying on the deemed admitted charges, the hearing committees determined the ODC proved by clear and convincing evidence the allegations of professional misconduct. The hearing committees did not recognize the presence of any aggravating or mitigating factors, with the exception of the hearing committee considering the 01-DB-105 matter, which cited in aggravation respondent’s failure to cooperate with the ODC.[3]
In 00-DB-153, the hearing committee recommended respondent be suspended from the practice of law for a period of one year and one day for the misconduct subject of the Benyhill and Dorr matters. In 01-DB-032, the hearing committee recommended imposition of a public reprimand relative to the Williams, Newton and Treadaway matters. Finally, in 01-DB-105, the hearing committee recommended for |fithe misconduct subject of the Deid-rich matter a six-month suspension, payment of restitution in the amount of $500 and a formal application for reinstatement to the practice of law.

Recommendation of the Disciplinary Board

The disciplinary board consolidated the three sets of formal charges. It adopted the factual findings of the hearing committees. The board found respondent negligently violated duties owed to Ms. Benyhill and Ms. Dorr, whose husband was embarrassed by the unnecessary service of the divorce petition. The board found respondent knowingly, if not intentionally, violated duties owed to the Deidrichs resulting in the neglect of their legal matter and failure to return their fee. The board determined the profession was harmed by respondent’s failure to cooperate, resulting in unjust delays and imposition of an additional burden upon the disciplinary system.
As aggravating factors, the board recognized a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1985). The board also took notice of respondent’s prior disciplinary record.[4] The board concluded the record was absent any mitigating factors.
Based on its findings, the board proposed respondent be suspended from the practice of law for a period of three years.
*496 |7Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The allegations subject of the three sets of formal charges were deemed admitted. As such, the ODC has proven by clear and convincing evidence respondent neglected several legal matters, failed to communicate with clients, failed to return unearned fees or place the disputed fees in trust, failed to protect a client’s interests upon termination of the representation, and failed to cooperate with the ODC in several disciplinary investigations.
Having found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the | «seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
A review of the record indicates respondent’s misconduct was both knowing and intentional with regard to her failure to take any action in her clients’ cases, failure to account for and return unearned fees, and failure to cooperate with the ODC. She has exhibited a complete disregard for her professional responsibilities owed to her clients and the profession. Respondent has expressed no remorse for her actions in depriving her vulnerable clients of their funds for several years or jeopardizing their legal matters. She has made no genuine attempt at restitution or fee dispute resolution. Respondent’s chronic failure to cooperate with the ODC has caused undue delays and burdens on an already taxed disciplinary system. The baseline sanction for this misconduct is unquestionably a suspension.
In light of the numerous aggravating factors present, including respondent’s pri- or disciplinary record, multiple offenses and substantial experience in the practice of law, we conclude a lengthy suspension is appropriate under the facts. This sanction is consistent with jurisprudence from this court. See In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41 (two-year suspension, subject to a one-year period of probation, imposed on an attorney with a prior disciplinary record who neglected three legal matters, failed to communicate with his clients and faded to return client property); In re: Boudreau, 00-3158 (La.1/5/01), 776 So.2d 428 (three-year suspension imposed on an attorney who neglected three legal matters, failed to communicate with his clients, failed to account for and return unearned fees, failed to repay student loans, withheld client property and failed to cooperate with ODC); In *497 re: Powers, 99-2069 (La.9/24/99), 744 So.2d 1275 (three-year suspension imposed [9on an attorney with a prior disciplinary record for similar misconduct who neglected three clients’ legal matters, failed to communicate with the clients, failed to account for and return unearned fees and failed to cooperate with the ODC).
Accordingly, we adopt the recommendation of the disciplinary board that respondent be suspended from the practice of law for a period of three years.
DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, it is ordered that Anne T. Turissi-ni, Louisiana Bar Roll number 15060, be suspended from the practice of law for a period of three years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In some instances, the complainant is referred to in the record as "Leona Benyhill."

. With regard to the Treadaway matter, the ODC also charged respondent with a violation of Rule 1.16(d). The hearing committee and disciplinary board found insufficient evidence of the rule violation and, thus, dismissed the charge. As to the Deidrich matter, the ODC also charged and the hearing committee found sufficient evidence that respondent violated Rules 8.1(c) and 8.4(g). The disciplinary board dismissed the charges based on an insufficiency of evidence. In dismissing the charges, we find the hearing committee and disciplinary board erred insofar as it held the ODC was required to make a "prima facie" case to support the allegations which were deemed admitted. Supreme Court Rule XIX, § 11(E)(3), the "deemed admitted rule," does not require a prima facie level of proof, as recently explained in In re: Doman, 01-3058 (La. 1/10/03), 838 So.2d 715 (“We hold that the "deemed admitted” rule must be applied as it is written ... Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted.”) We recognize the written findings and recommendations of the hearing committees and disciplinary board pre-dated this court’s opinion in Donnan, during which time there were conflicting legal positions as to whether the ODC was required to provide prima facie evidence in support of allegations that had been *495 deemed admitted. However, despite the hearing committee and disciplinary board’s application of an erroneous burden of proof, any error in this regard is ultimately harmless relative to the imposition of sanctions. Moreover, the ODC did not object to the dismissal of the charges. As such, these allegations will not be discussed hereafter.

. Notably, the ODC failed to submit in any of the cases evidence of respondent’s prior disciplinary record. Therefore, the committees did not consider such.

. In June 1995, this court suspended respondent from the practice of law for one year and one day, fully deferred, subject to a two-year period of conditional probation. The misconduct stemmed from respondent’s failure to communicate with a client, failure to return the client’s property, and failure to cooperate with' the ODC in its disciplinary investigation. In re: Turissini, 95-0735 (La.6/2/95), 655 So.2d 327.