ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Raymond Earl Boudreau, Jr., an attorney licensed to practice law in Louisiana but currently on suspension.
PRIOR DISCIPLINARY RECORD
Before addressing the instant charges, we find it helpful to review respondent’s prior disciplinary history. Between 1998 and 1999, respondent neglected and abandoned two client matters, failed to communicate with three clients, failed to account for and return fees to one client, failed to satisfy student loan obligations and failed to cooperate with the ODC in four disciplinary investigations. Pursuant to a consent petition filed in this court, we suspended respondent from the practice of law for a period of three years. In re: Boudreau, 00-3158 (La.1/5/01), 776 So.2d 428 (“Boudreau I ”). Respondent remains suspended under that judgment.
UNDERLYING FACTS

Donaldson Matter

In 1997, Marvin Donaldson retained respondent for a $2,000 flat fee to represent him in criminal proceedings, in which he was charged with a fourth offense of driving while intoxicated. Between June 1997 and September 1999, respondent made eleven |?court appearances and filed an appellate brief on behalf of Mr. Donaldson. Thereafter, respondent failed to make any appearances on behalf of his client. He made no effort to withdraw from the rep- *1121 reservation and instead simply abandoned Mr. Donaldson.[1]

Failure to Cooperate

In April 2001, four months after respondent had been suspended in Boudreau I, Mr. Donaldson filed a complaint with the ODC. He maintained that he attempted to contact respondent in order to request a refund of his fee, but was unsuccessful in reaching respondent.
The ODC forwarded Mr. Donaldson’s complaint to respondent and requested he address the allegations. Respondent failed to reply to the ODC’s request. The ODC then sought to serve respondent with a subpoena compelling his appearance and production of documents at a sworn deposition, but was unable to serve him, despite six attempts to do so. On September 21, 2001, respondent faxed a letter to the ODC indicating he would respond to the complaint within five days. However, respondent failed to do so.
DISCIPLINARY PROCEEDINGS

Formal Charges

Following its investigation, the ODC filed one count of formal charges against respondent based on his substantive misconduct in the Donaldson matter, as well as his failure to cooperate in the investigation of the Donaldson complaint. The charges allege violations of Rules 1.3 (lack of diligence), 1.4(a) (failure to keep client ^reasonably informed about the status of legal matter and failure to comply with reasonable requests for information), 1.5(f)(6) (failure to account for or refund unearned fees, and/or place disputed funds in trust) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct, as well as Supreme Court Rule XIX, § 9(c) (failure to respond to a lawful demand of a disciplinary authority).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent made no filing with the committee.

Recommendation of the Hearing Committee

The hearing committee found the formal charges were deemed admitted and, as such, proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3).[2] Turning to the issue of an appropriate sanction, the committee recognized respondent’s prior disciplinary record involving similar misconduct. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the committee noted the baseline sanction for respondent’s misconduct is suspension. As aggravating factors, it recognized prior discipline, refusal to acknowledge the wrongful nature of his conduct, vulnerability of the victim and indifference to making restitution. It found no mitigating factors to be present.
*1122 [¿Accordingly, the committee recommended respondent be suspended for a period of two years with the suspension commencing upon the completion of his suspension in Boudreau I. It also recommended respondent be required to attend the Louisiana State Bar Association’s Ethics School, obtain an additional five hours of continuing legal education on the subject of ethics, and provide restitution of the unearned portion of the fee with interest.
Neither party filed an objection to the findings and recommendation of the hearing committee.

Recommendation of the Disciplinary Board

The board determined respondent accepted a flat fee to perform services that he did not perform and abandoned his client in violation of Rule 1.5. It also pointed out respondent failed to appear in court on behalf of his client and failed to advise his client of such in violation of Rules 1.3 and 1.4, respectively. Finally, the board stated respondent’ s failure to respond to the complaint, especially considering his written assurance that he would, constituted a breach of Rule 8.4(g) and Supreme Court Rule XIX, § 9(c).
The board found respondent’s conduct caused harm to his client by depriving him of his funds and delaying the resolution of his legal matter. It further concluded respondent’s failure to cooperate with the ODC caused delays and expense to the disciplinary system.
Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board concluded the baseline sanction for respondent’s misconduct is a suspension from the practice of law. The board adopted the aggravating factors cited by the committee, and agreed no mitigating factors were present.
|RIn determining an appropriate sanction, the board observed the substantive misconduct occurred in 1998, during the same time period as respondent’s misconduct subject of Boudreau I, which occurred between 1998 through 1999. Relying on Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), the board determined that if the underlying misconduct in this matter had been considered together with the misconduct at issue in Boudreau I, the same sanction (a three-year suspension) would have been imposed. However, it determined respondent’s failure to cooperate with the ODC in its investigation of the instant matter warranted additional discipline, as it occurred outside of the time frame of the conduct subject of Boudreau I.[3] Accordingly, the board recommended respondent be suspended for a period of thirty days for his failure to cooperate. Additionally, it proposed respondent be required to obtain additional continuing legal education and that respondent provide an accounting and refund of all unearned fees to Mr. Donaldson.
One board member partially dissented as to the leniency of the proposed sanction for the failure to cooperate, citing the egregiousness of the misconduct in light of respondent’s past disciplinary infractions for similar misconduct.
The ODC filed an objection to the leniency of the board’s proposed sanction. Accordingly, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G). Respondent did not file a brief for the court’s *1123 consideration, nor did he appear for oral argument.
| r,DISCUSSION
The deemed admitted facts in this case support the conclusion respondent neglected his chent’s legal matter, failed to communicate with his client and failed to account for or return the unearned fee. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s abandonment of his client’s legal matter caused actual harm. Furthermore, respondent failed to cooperate with the ODC in its investigation, thereby impairing the efficient operation of the disciplinary process. No mitigating factors are supported by the record; however, several aggravating factors are present. Under these circumstances, we conclude a suspension from the practice of law is the proper sanction.
In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis for a previous sanction, the discipline imposed should be determined as if both proceedings were before the court simultaneously. The instant case presents an interesting variation on the Chatelain theme, as the substantive misconduct occurred during the same time frame as the misconduct in Boudreau I, but the failure to cooperate occurred after the Boudreau I opinion was rendered. |7Under these circumstances, we must separate the substantive misconduct from the failure to cooperate.
The substantive misconduct consists of the abandonment of a client matter. This misconduct is similar to Boudreau I, which involved, among other things, abandonment of two client matters. Had the instant abandonment charge been considered filed simultaneously with those charges forming the basis of Boudreau I, it would have only reinforced our view that a lengthy suspension was warranted to sanction respondent for his misconduct and to protect the public. Accordingly, we will adjudge respondent guilty of an additional violation which will be added to his record for consideration in the event he applies for reinstatement from Boudreau I, after becoming eligible to do so.
As to the failure to cooperate charge, we note this misconduct commenced in May 2001, five months after this court rendered its judgment in Boudreau I. Additionally, respondent was sanctioned in Boudreau I for, among other misconduct, a failure to cooperate. As such, this court’s judgment placed respondent on notice that a failure to cooperate with disciplinary authorities appointed by this court will not be tolerated. Respondent’s continued failure to cooperate is, therefore, particularly egregious. See, e.g., In re: Casanova, 02-2155 (La.11/22/02), 847 So.2d 1169 (prior discipline “presented respondent with an opportunity to correct his deficiencies, but it is obvious that he did not avail himself of the chances he was given”). Under these circumstances, we find a six-month suspension, to run consecutively to the suspension imposed in Boudreau I, is an appropriate *1124 sanction for respondent’s failure to cooperate.
| «DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, and the Office of Disciplinary Counsel’s brief, it is ordered that Raymond Earl Boudreau, Jr., Louisiana Bar Roll number 24028, be adjudged of additional violations warranting a lengthy suspension for his substantive misconduct in the Donaldson matter. These violations shall be added to his record for consideration in the event he seeks reinstatement from the suspension imposed in In re: Boudreau, 00-3158 (La.1/5/01), 776 So.2d 428. For his failure to cooperate in the disciplinary investigation of the Donaldson matter, it is ordered that respondent be suspended from the practice of law for a period of six months. This suspension shall run consecutively to the suspension imposed in In re: Boudreau, 00-3158 (La.1/5/01), 776 So.2d 428. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In November 1999, the court of appeal received notice that respondent had been declared ineligible to practice law for failure to pay bar dues and comply with his mandatory continuing legal education requirements. Accordingly, the court of appeal remanded Mr. Donaldson's case to the trial court to give him the opportunity to retain new counsel.

. The hearing committee determined respondent violated numerous other professional rules for which he was not formally charged. The disciplinary board correctly declined to adopt the committee’s recommendation in this regard.

. Respondent’s first evidence of a failure to cooperate was in May 2001, when he neglected to respond to the disciplinary complaint. At this time, this court had already imposed discipline in Boudreau I.