*1249 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Darien Lester, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1997. In 2010, this court disbarred respondent for failing to provide competent representation to a client, neglecting legal matters, failing to communicate with clients, failing to refund unearned fees, failing to return a client’s file, issuing checks on accounts containing insufficient funds, failing to timely pay third-party medical providers, converting client and third-party funds to his own use, practicing law while ineligible to do so, attempting to settle a malpractice claim without advising his client to seek independent counsel, engaging in frivolous and vexatious litigation, being found in contempt of court and sanctioned in both state and federal court, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and failing to cooperate with the ODC in several investigations. *1250 In re: Lester, 09-2052 (La.1/29/10), 26 So.3d 735 (“Lester I”).
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
Count I — The Roque Matter
In January 2007, Stanley Roque retained respondent to handle the succession of his father, paying him $500. Respondent was to draft succession papers and have Mr. Roque sign them and then forward them to Mr. Roque’s niece for her signature. Despite repeated efforts, Mr. Roque was unable to speak with respondent about the case. On April 12, 2007, Mr. Roque sent a letter to respondent discharging him from the representation and requesting a refund.
In June 2007, Mr. Roque filed a disciplinary complaint against respondent. Respondent failed to answer the complaint, necessitating the issuance of a subpoena for his sworn statement. He failed to appear for the sworn statement as scheduled on September 11, 2007, but did finally respond to the complaint.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(5) (failure to refund an unearned fee) and 8.1(c) (failure to cooperate with the ODC in its investigation).
Count II — The Criminal Matter
On November 9, 2006, respondent was stopped by the Caddo Parish Sheriffs Office for a traffic violation. The deputy suspected that marijuana may be in the vehicle as a hollowed out cigar was in plain sight in the passenger seat. Respondent admitted marijuana was in a box in the vehicle’s console. Furthermore, a canister in the vehicle contained six tablets of hy-drocodone, for which respondent did not have a prescription. Respondent was charged in the First Judicial District Court for the Parish of Caddo with possession of a Schedule II controlled dangerous substance.[1] To date, respondent has not answered the disciplinary complaint opened by the ODC after his arrest.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer).
Count III — The Morris Matter
In May 2008, Bobby Morris retained respondent to handle a parole violation, for which he paid respondent a $2,000 fixed fee.[2] Thereafter, respondent failed to communicate with Mr. Morris about the status of the matter or complete the representation. To date, respondent has not returned any money to Mr. Morris.
In December 2008, Mr. Morris filed a disciplinary complaint against respondent. Respondent failed to answer the complaint, *1251 necessitating the issuance of a subpoena for his sworn statement. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled on February 17, 2009.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5), and 8.1(c).
Count IV — The Burns Matter
In April 2009, Vanessa Burns hired respondent to represent her husband in Cad-do Parish on a felony charge of possession with intent to distribute a Schedule I controlled dangerous substance. Pursuant to the representation, Mrs. Burns paid respondent’s quoted fee of $1,500. Respondent filed a motion to suppress in the matter, but failed to appear in court for the hearing. Despite repeated efforts, Mrs. Burns was unable to contact respondent. When he finally appeared in court in 2009, respondent admitted that a drug possession charge was pending against him which could pose a conflict of interest if he continued the representation of Mr. Burns.
Thereafter, Mrs. Burns and her husband filed complaints against respondent. Despite being served with a copy of each complaint via certified mail, respondent failed to answer the complaints.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(5), 1.8 (conflict of interest), and 8.1(c).
Count V — The Washington Matter
In January 2010, Marie Washington hired respondent to represent her daughter in a criminal matter. Pursuant to the representation, she paid respondent’s quoted fee of $450. Thereafter, respondent failed to perform any work in the matter and failed to return Ms. Washington’s phone calls. Respondent also failed to disclose that he was not licensed to practice law, having been disbarred as of February 12, 2010. Respondent has not refunded any portion of the fee paid by Ms. Washington.
In March 2010, Ms. Washington filed a disciplinary complaint against respondent. Despite being served with a copy of Ms. Washington’s complaint via certified mail, respondent failed to answer the complaint.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.5(f)(5), and 8.1(c).
DISCIPLINARY PROCEEDINGS
In August 2012, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction is suspension.
*1252 In aggravation, the committee found a prior disciplinary record, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1997), and indifference to making restitution. The committee did not find any mitigating factors present.
Turning to the issue of an appropriate sanction, the committee initially considered whether the approach established by this court in Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), is applicable in this case.[3] Noting that the misconduct at issue in these proceedings occurred prior to the court’s entry of the order of discipline in Lester I, but did not occur prior to or contemporaneously with the misconduct for which the respondent was previously disbarred, the committee found that, “strictly speaking,” Chatelain does not apply. Therefore, the committee determined that it is appropriate to impose additional sanctions in the form of an extension of the five-year minimum period which must elapse before respondent may seek readmission from his disbarment.
Based on this reasoning, the committee recommended that the time period in which respondent can apply for readmission should be extended by two years. The committee also recommended respondent make restitution of any unearned fees, and that he be assessed with the costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations, with one exception relating to the Morris matter (see note 2, supra). The board also agreed with the committee’s determination of rule violations, except that the board did not find a violation of Rule 1.8 in the Burns matter because there are no facts in the record to support the allegation that respondent entered into a business transaction with Mr. Burns or that he acquired a pecuniary interest adverse to Mr. Burns. The board added that while the facts may support a violation of Rule 1.7 (a lawyer shall not represent a client if the representation involves a concurrent conflict of interest), the ODC failed to allege this violation in the formal charges.
The board determined respondent knowingly, if not intentionally, violated duties owed to his clients. He caused actual injury to four clients by failing to complete the work in their legal matters and by failing to return unearned fees. By failing to respond to or cooperate with the ODC, he caused the ODC to expend additional time and expense in investigating these matters. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is suspension.
The board agreed with the aggravating factors found by the committee. The board also recognized as an aggravating *1253 factor respondent’s dishonest or selfish motive. The board did not find any mitigating factors present.
Turning to the issue of an appropriate sanction, the board determined that contrary to the committee’s findings, respondent’s misconduct in the Roque matter occurred during the same time period as the misconduct subject of Lester I; therefore, the Chatelain approach applies to the misconduct at issue in that matter. Finding it unlikely that a harsher sanction would have been imposed in Lester I had the court been presented with the additional misconduct, the board recommended the misconduct in the Roque matter be considered in the event respondent applies for readmission to the bar.
As to the remaining misconduct, the board noted that lengthy suspensions have been ordered by the court in cases involving attorneys who, like respondent, have failed numerous clients by failing to return unearned fees after neglecting their cases.[4] Accordingly, the board adopted the committee’s recommendation to extend the time period in which respondent can apply for readmission by two years. The board also recommended respondent pay restitution to his clients, and that he be assessed with the costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and co.nvinc-ing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected legal matters, failed to communicate with clients, failed to refund unearned fees, failed to cooperate with the ODC in its investigations, and was charged with possession of a Schedule II controlled dangerous substance. Based on these facts, respondent has violated Rules 1.3, 1.4, 1.5(f)(5), 8.1(c), and 8.4(b) of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
*1254 Respondent knowingly, if not intentionally, violated duties owed to his clients and the legal profession, causing actual harm. The applicable baseline sanction in this matter is suspension. The aggravating factors found by the disciplinary board are supported by the record. In addition, we find the aggravating factor of illegal conduct, including that involving the use of controlled substances, is present. There are no mitigating factors present.
Turning to the issue of an appropriate sanction, we agree that the Chatelain approach applies to some of the misconduct in this case. Respondent’s arrest in the criminal matter occurred in November 2006 and the substantive misconduct in the Roque matter occurred between January 2007 and April 2007. The misconduct in Lester I occurred between May 1998 and March 2007. Due to the overlap between the time periods, we find the misconduct in the Roque and criminal matters should be considered along with the misconduct in Lester I if and when respondent applies for readmission from his disbarment after becoming eligible to do so.
The remaining misconduct at issue began in 2008, after the misconduct in Lester I. For this misconduct, we agree that the time period in which respondent can apply for readmission should be extended.
Accordingly, we will adopt the board’s recommendation and extend the time period in which respondent can apply for readmission by two years. We will also order respondent to pay restitution to his clients.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Darien Lester, Louisiana Bar Roll number 24831, be and he hereby is adjudged guilty of additional violations warranting discipline, which shall be considered in the event he seeks readmission after becoming eligible to do so. It is further ordered that for the misconduct which occurred outside of the time frame of In re: Lester, 09-2052 (La.1/29/10), 26 So.3d 735, the minimum period for seeking readmission from respondent’s disbarment shall be extended for a period of two years. It is further ordered that respondent shall make restitution of any unearned fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. At the time the formal charges were filed against respondent in August 2012, the criminal case had not been concluded; however, respondent subsequently pleaded nolo conten-dere to an amended charge of possession of a Schedule III controlled dangerous substance.

. In his complaint, Mr. Morris stated: "Mr. Darien Lester’s whole intention was to get the $1,000 from my family without providing any form of service that he contracted to do. Mr. Lester went further to even try to obtain the remaining $1,000 from my family, again with no services provided.” Based on these statements, and without any additional evidence in the record to indicate otherwise, it appears that respondent actually received $1,000 in the Morris matter.

. In Chatelain, the court held that when the underlying misconduct occurs within the same time period as the misconduct forming the basis of a previously imposed sanction, the discipline imposed in the subsequent proceeding should be determined as if both proceedings were before the court simultaneously.

. See, e.g., In re: Turissini, 03-0549 (La.6/6/03), 849 So.2d 491 (three-year suspension); In re: Powers, 99-2069 (La.9/24/99), 744 So.2d 1275 (three-year suspension).