*773 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises out of three counts of formal charges filed against respondent by the Office of Disciplinary Counsel (“ODC”). The disciplinary board’s recommendation was lodged in this court on February 19, 2003. Thereafter, the ODC filed a “Motion for Remand to the Discplinary Board for Purpose of Consolidation with Additional Pending Disciplinary Matter.” The motion indicated that a second set of formal charges has been filed against respondent. That matter, which bears the disciplinary board’s docket number 02-DB-090, is currently pending before the board.
As a matter of fairness to the respondent, this court has held that separate disciplinary charges arising during the same general time frame should be considered together for the purpose of imposing consistent overall discipline. See, e.g., Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991) (“When a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.”). In furtherance of this policy, this court has often remanded cases to the disciplinary board for consolidation with other pending matters and for the issuance of a single report and recommendation. See, e.g., In re: Carr, 94-2126, 96-OB-2115 (La.4/24/02); In re: Gilbert, 98-3221, 98-3222 (La.2/3/99), 731 So.2d 188; In re: Edwards, 97-0914, 97-0915 (La.9/26/97), 701 So.2d 966, 967.
|?We find consolidation is warranted in the instant case. Accordingly, we will remand the proceedings in this court numbered 03-B-0525 to the disciplinary board for consolidation with the proceedings numbered 02-DB-090. After appropriate consideration of the consolidated matters, the board is directed to issue a single recommendation of discipline to this court encompassing both matters involving respondent.