974 So.2d 1280 (2008)
In re Edwin DeAundra HAWKINS.
No. 2007-B-1619.
Supreme Court of Louisiana.
February 22, 2008.

*1281 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Edwin DeAundra Hawkins, an attorney licensed to practice law in Louisiana.

FORMAL CHARGES

Count I  The Harris Matter
In June 2003, Ruth Baker Harris retained respondent to represent her in a civil damage claim and an ongoing workers' compensation claim, paying respondent $1,500 toward an agreed $2,500 fee ($500 of which was non-refundable). After numerous attempts to contact respondent, Ms. Harris was advised that respondent was in settlement negotiations with opposing counsel. Subsequent numerous efforts to contact respondent about her claims were unsuccessful, and in September 2003, respondent's telephone was disconnected. Ms. Harris learned from opposing counsel that although respondent had called him once or twice, respondent had not enrolled as counsel on her behalf, and that she was being served with a motion to compel for delinquent discovery responses. Ms. Harris filed a disciplinary complaint against respondent in September 2003, requesting return of the $1,500.
After numerous attempts by the ODC to contact respondent, he was subpoenaed to appear on July 9, 2004. Respondent admitted he had not responded to the complaint, agreed to provide a written response to the complaint, and further agreed to refund $400 to Ms. Harris while initiating the fee dispute arbitration process for the balance. Although respondent requested the fee arbitration application form from the Louisiana State Bar Association ("LSBA"), no further action was taken, nor did he provide evidence of the $400 refund. Ms. Harris later received a certified letter from respondent stating he believed the entire fee was earned.
*1282 The ODC alleges that respondent's conduct in the Harris matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.5(f)(6) (failure to refund an unearned fee), 1.16(d) (failure to comply with obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation).

Count II  The Johnson Matter
In June 2003, Sonya Jones Johnson retained respondent to handle a dispute which had arisen over the boundaries of a tract of land she had agreed to purchase. Ms. Johnson paid respondent $1,250 toward an agreed $2,000 fee ($175 filing fees; $500 non-refundable). During a chance meeting at the courthouse, respondent advised Ms. Johnson he was filing the petition and had scheduled a meeting with the opposing party. After learning the petition had not been filed, Ms. Johnson scheduled a meeting with respondent, but he failed to appear. Ms. Johnson asked her cousin (Ms. Harris in Count I) to request a refund from respondent, and she was told her money would be refunded. Ms. Johnson filed a disciplinary complaint in October 2003.
After numerous attempts by the ODC to contact respondent, he was subpoenaed to appear on July 9, 2004. Respondent admitted he had not responded to the complaint, but testified he had performed work on Ms. Johnson's case and that they were involved in a fee dispute. Respondent agreed on the record to initiate the fee arbitration process, but the ODC later learned that respondent did not make application to the LSBA.
The ODC alleges that respondent's conduct in the Johnson matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5, 1.5(f)(6), 1.16(d), and 8.1(c).

DISCIPLINARY PROCEEDINGS
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
The hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). The committee also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
As a sanction, the committee recommended that respondent be suspended from the practice of law for a minimum of two years, and be assessed with all costs of this proceeding. Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
The disciplinary board concurred in the findings of the hearing committee that respondent violated the Rules of Professional Conduct as set forth in the formal charges, and that the charges were deemed admitted and proven by clear and convincing evidence.
The board determined that respondent violated duties owed to his clients and to the legal profession. The board further noted respondent's actions appeared to be knowing, and the misconduct caused actual *1283 injury to his clients in failing to return their legal fees or complete their legal matters. The board also recognized harm to the disciplinary system, in that the ODC was forced to utilize its limited resources in its numerous attempts to contact respondent to obtain information for its investigation.
In determining an appropriate sanction, the board applied the finding of the following aggravating factors: prior disciplinary offenses,[1] dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1996), and indifference to making restitution. The board found no mitigating factors.
Based on its review of the facts and the court's prior jurisprudence, the board found that the baseline sanction for similar misconduct is a one-year suspension However, given the numerous aggravating factors, in particular the prior discipline for similar misconduct, the board adopted the hearing committee's recommended sanction of a two-year suspension from the practice of law.
Based on this reasoning, the board recommended that respondent be suspended from the practice of law for two years. The board also recommended that respondent be ordered to provide an accounting and make restitution to his clients, and that he be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The deemed admitted facts in this case establish that respondent failed to act with reasonable diligence and promptness in representing his clients, failed to communicate with his clients, failed to refund unearned fees, charged excessive fees due to impermissible non-refundable language in his contract, failed to comply with obligations upon termination of the representation, and failed to cooperate with the ODC in its investigation.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and *1284 the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The record demonstrates that respondent knowingly and intentionally violated duties owed, and caused harm to his clients and the legal profession. We find the following aggravating factors present: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. No mitigating factors are evident in the record.
When applying the aggravating factors to the baseline sanction of a suspension warranted for similar misconduct, we agree with the hearing committee and disciplinary board that a two-year suspension from the practice of law is appropriate. Accordingly, we will accept the disciplinary board's recommendation and suspend respondent from the practice of law for a period of two years.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Edwin DeAundra Hawkins, Louisiana Bar Roll number 24448, be suspended from the practice of law for two years. It is further ordered that respondent shall provide accountings to his clients subject of the formal charges, and make full restitution of any unearned legal fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] In 2002, respondent was publicly reprimanded by the disciplinary board for lack of diligence, failure to communicate with clients, and failure to cooperate in disciplinary investigations.