*378 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Edwin D. Hawkins, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1996. In 2002, respondent was publicly reprimanded by the disciplinary board for neglecting legal matters, failing to communicate with clients, and failing to cooperate with the ODC in its investigations.
In 2008, this court suspended respondent from the practice of law for two years for neglecting legal matters, failing to communicate with clients, failing to refund unearned fees, charging excessive fees due to impermissible non-refundable language in his contract, failing to comply with obligations upon termination of a representation, and failing to cooperate with the ODC in its investigation. In re: Hawkins, 07-1619 (La.2/22/08), 974 So.2d 1280 (“Hawkins I ”). Respondent has not sought reinstatement from his suspension in Hawkins I; thus, he remains suspended from the practice of law.
12Against this backdrop, we now turn to a consideration of the misconduct at issue in the present matter.
FORMAL CHARGES
Count I — The Williams Matter
In April 2002, Horace Williams hired respondent to handle his traffic violation. Mr. Williams paid respondent a total of $1,200 for the representation.
In May 2002, respondent appeared in court on Mr. Williams’ behalf, but thereafter failed to appear for any other court dates. Following the initial court appearance, Mr. Williams was unable to communicate with respondent and assumed the matter had been handled. However, when he subsequently tried to renew his driver’s license, Mr. Williams learned that a warrant had been issued for his arrest for failing to appear in court for a September 2002 hearing regarding the traffic violation.
After respondent received a copy of the disciplinary complaint filed against him in this matter, he indicated that he would refund a portion of the fee. However, he failed to do so and has since stopped cooperating with the ODC.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee),[1] 1.15 (safekeeping property of clients or third parties), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(c) (en *379 gaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
|aCount II — The Johnson Matter
In February 2004, Judy Johnson hired respondent to represent her son, Javar Johnson, in a post-conviction relief matter. Ms. Johnson agreed to a $10,000 fee for the representation, of which she paid $2,000 as a down payment and agreed to pay $500 per month on the remaining balance.
Respondent filed a memorandum in support of an application for post-conviction relief, but he failed to file the actual application or any of the referenced exhibits. Respondent’s failure to file the application for post-conviction relief resulted in the denial of Mr. Johnson’s request by the trial court. The record further suggests that respondent failed to file a writ application with the court of appeal following the trial court’s ruling. Nevertheless, respondent did not refund any portion of the fee Ms. Johnson paid him.
In February 2007, respondent was personally served with a copy of the disciplinary complaint filed against him in this matter. However, he failed to respond or provide proof of any refunds to the John-sons.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2, 1.3, 1.4, 1.5(f)(5) (failure to refund an unearned fee), 1.15, 1.16(d), 3.2, 8.1(c), and 8.4(c).
Count III — The Crockens Matter
In January 2005, Joanne Crockens hired respondent to represent her son, Clinton Crockens, Jr., in a criminal matter. Ms. Crockens paid $7,500 toward respondent’s $25,000 fee before respondent relocated to Florida following Hurricane Katrina.
Respondent enrolled as Mr. Crockens’ counsel of record and made four court appearances on his behalf before Hurricane Katrina. However, after respondent relocated to Florida, he failed to appear for any additional court dates. |4He also failed to file the necessary pleadings on Mr. Crockens’ behalf, failed to communicate with the Crockens family regarding his relocation, and ultimately abandoned the case. Nevertheless, respondent did not refund any portion of the fee Ms. Crockens paid him.
. In February 2007, respondent was personally served with a copy of the disciplinary complaint filed against him in this matter. However, he failed to respond or provide proof of any refunds to the Crock-ens.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2, 1.3, 1.4, 1.5(f)(5), 1.15, 1.16(d), 3.2, 8.1(c), and 8.4(c).
Count TV — The Granier Matter
In December 2003, Justin Granier hired respondent to represent him in a criminal matter. Specifically, Mr. Granier paid respondent $3,500 of a $5,000 fee for respondent to appear at his sentencing hearing and perfect an appeal on his behalf.
Respondent arrived late for the sentencing hearing and then failed to timely perfect Mr. Granier’s appeal. Following Hurricane Katrina, Mr. Granier was unable to communicate with respondent, who ultimately abandoned the case. Nevertheless, respondent did not refund any portion of the fee Mr. Granier paid him.
In February 2007, respondent was personally served with a copy of the disciplinary complaint filed against him in this matter. However, he failed to respond or provide proof of any refunds to Mr. Granier.
*380 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2, 1.3,1.4, 1.5(f)(5), 1.15, 1.16(d), 3.2, 8.1(c), and 8.4(c).
|fiCount V — The Bell Matter
In June 2006, Kathy Bell hired respondent to represent her husband in a criminal matter. Despite the fact that Ms. Bell paid respondent $1,500 for his services, he failed to take any action on her husband’s behalf. He also failed to refund any portion of the fee Ms. Bell paid him.
In February 2007, respondent was personally served with a copy of the disciplinary complaint filed against him in this matter. However, he failed to respond or provide proof of any refunds to Ms. Bell.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2, 1.3,1.4, 1.5(f)(5), 1.15, 1.16(d), 3.2, 8.1(c), and 8.4(c).
Count VI — The Demouchet Matter
In July 2005, respondent enrolled as counsel of record for Dwayne Demouchet in a criminal matter. Mr. Demouchet’s mother paid respondent approximately $1,000 for the representation. Respondent appeared in court only once on Mr. De-mouchet’s behalf. The court’s efforts to locate respondent with respect to subsequent court dates were unsuccessful. Nevertheless, respondent did not refund any portion of the fee Mr. Demouchet’s mother paid him.
Despite its best efforts, the ODC was unsuccessful in notifying respondent via mail of the disciplinary complaint filed against him in this matter.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2, 1.3,1.4, 1.5(f)(5), 1.15, 1.16(d), 3.2, 8.1(c), and 8.4(c).
| fíCount VII — The Spencer Matter
In October 2003, Mervin Spencer hired respondent to represent him in a criminal matter and a forfeiture matter involving the retrieval of two vehicles that were seized in connection with his arrest. Mr. Spencer paid respondent $2,000 for the criminal matter and $2,000 for the forfeiture matter.
Mr. Spencer was acquitted of all criminal charges, but respondent failed to pursue the forfeiture matter. Nevertheless, respondent did not refund any portion of the fee Mr. Spencer paid him.
Despite its best efforts, the ODC was unsuccessful in notifying respondent via mail of the disciplinary complaint filed against him in this matter.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2, 1.3,1.4, 1.5(f)(5), 1.15, 1.16(d), 3.2, 8.1(c), and 8.4(c).
DISCIPLINARY PROCEEDINGS
In January 2010, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee RepoH

After considering the ODC’s deemed admitted submission, the hearing committee found that all facts as set forth in the formal charges are deemed admitted and proven. Additionally, the committee found *381 that the documentary 17evidence submitted by the ODC supports the deemed admitted factual allegations. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the legal profession. He caused actual harm to his clients, whose legal matters he abandoned and whose unearned fees he converted to his own use. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the applicable baseline sanction is disbarment.
In aggravation, the committee found the following factors: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rales or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1996). The committee did not find any mitigating factors present.
Under these circumstances, the committee recommended that respondent be disbarred. The committee also recommended that respondent be ordered to refund all unearned fees to his clients.
The ODC filed an objection to the hearing committee’s report and recommendation, arguing that disbarment is too lenient and recommending that respondent be permanently disbarred.

Disciplinary Board Recommendation

After review, the disciplinary board agreed with the hearing committee that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also agreed with the committee that respondent [ ¡^violated the Rules of Professional Conduct as alleged in the formal charges.
The board further determined that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the legal profession. Respondent engaged in a deceptive pattern of collecting fees from clients and then performing little or no legal services in exchange for those fees. He abandoned his clients’ legal matters and converted their unearned fees to his own use, resulting in actual harm to the clients. He also failed to cooperate with the ODC in its investigations and failed to participate in the disciplinary process. The board agreed with the committee that the baseline sanction in this matter is disbarment.
In aggravation, the board found the following factors: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, deceptive practices during the disciplinary process by failing to keep promises made to produce documentation, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and indifference to making restitution. Like the committee, the board did not find any mitigating factors present.
Turning to the issue of an appropriate sanction, the board first considered whether the approach established by this court in Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), is applicable in this matter. In Chatelain, the court held that when the underlying misconduct occurs within the same time period as the misconduct forming the basis of a previously imposed sanction, the discipline imposed in the subsequent proceeding should be determined as if both proceedings were *382 before the court simultaneously. The board noted that the instant misconduct occurred between 2002 and 2006, with the failure to cooperate with the |9ODC extending through 2010, while the misconduct in Hawkins I occurred between 2003 and 2004. Although acknowledging that there is some overlap between the time periods, the board ultimately determined that the instant misconduct extended well beyond the misconduct in Hawkins I. Therefore, the board determined that the Chatelain approach does not apply in the instant matter.
The board then considered respondent’s misconduct in light of Guideline 1 (repeated or multiple instances of intentional conversion of client funds with substantial harm) of the permanent disbarment guidelines and the prior jurisprudence of this court. Having determined that Guideline 1 is applicable, the board recommended that respondent be permanently disbarred. The board also recommended that respondent be ordered to make restitution to his victims.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of. this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the |1fldeemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected legal matters, failed to communicate with his clients, failed to properly withdraw from the representation of his clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.[2]
*383 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record supports a finding that respondent knowingly and intentionally violated duties owed to his clients, the legal system, and the legal profession. His misconduct caused significant actual harm. The baseline sanction for this type of misconduct is disbarment.
Inin its report, the disciplinary board concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar. We agree. Respondent failed to refund more than $26,000 in unearned fees to at least seven clients, effectively converting those funds to his own use. As such, we find that respondent’s conduct amounts to repeated or multiple instances of intentional conversion of client funds with substantial harm, as contemplated by Guideline 1 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E.[3]
Respondent’s conduct demonstrates a disregard for his clients and for his duties as an attorney. In order to protect the public and maintain the high standards of the legal profession in this state, respondent must not be allowed the opportunity to return to the practice of law in the future.
Accordingly, we will adopt the board’s recommendation and permanently disbar respondent. We will also order respondent to make restitution to his victims.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Edwin D. Hawkins, Louisiana Bar Roll number 24448, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this Instate. It is further ordered that respondent shall make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion. Johnson, J., dissents. Weimer, J., would grant and docket regarding the penalty-

. This provision was applicable at the time of respondent's alleged misconduct in the Williams matter. An attorney’s duty to refund unearned fees is now set forth in Rule 1.5(f)(5).

. We agree with the disciplinary board that our holding in Chatelain, supra, does not apply in the instant case, as the majority of the misconduct currently charged occurred after the misconduct at issue in Hawkins I. Nonetheless, we note the record establishes that the ODC knew of the misconduct forming the basis of six of the seven counts in the instant matter at least seven months before the rendition of our 2008 opinion in Hawkins I. Under these circumstances, it would have been preferable from a judicial efficiency standpoint for the ODC to have called these matters to our attention prior to the rendition of Hawkins I by filing a motion in this court seeking to remand Hawkins I to the board for consolidation with the other pending matters. See, e.g., In re: Barrios, 03-0525 (La.3/28/03), 841 So.2d 772 (explaining that "this court has often remanded cases to the disciplinary board for consolidation with other pending matters and for the issuance of a single report and recommendation.”).

. In its deemed admitted submission to the hearing committee and its brief to the disciplinary board, the ODC suggested that Guideline 9 (instances of serious attorney misconduct preceded by suspension or disbarment for prior instances of serious attorney misconduct) was applicable. However, as discussed in footnote 2, supra, the majority of the misconduct currently charged actually pre-dated our 2008 opinion in Hawkins I. Therefore, it cannot be said respondent committed new misconduct after being disciplined by this court. Accordingly, we decline to apply Guideline 9.