*276 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| j This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
Count I — The Lee Matter
In June 2009, Delores Perkins Lee retained respondent to handle a succession matter, paying him a total of $1,900. Respondent did not complete the succession, despite his assurances that he would do so, and failed to communicate with Ms. Lee.
In June 2010, Ms. Lee filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena compelling him to appear on January 19, 2011 with his entire file in the succession matter. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
19Count II — The Gayden Matter
In September 2009, Glenda Veal Gayden paid respondent $800 to represent her in a divorce proceeding. Respondent did not complete the divorce, despite his assurances that he would do so, and failed to communicate with Ms. Gayden.
In July 2010, Ms. Gayden filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena compelling him to appear on January 19, 2011 with his entire file in the Gayden matter. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
Count III — The Spriggins Matter
In December 2008, Leo and Linda Spriggins retained respondent to handle a medical malpractice claim. Respondent accepted the representation on a contingency fee basis. In August 2009, respondent informed Mrs. Spriggins that he had submitted the claim to a medical review panel, but he failed to provide her with any documentation of the filing.[2] From January 2010 through May 2010, Mrs. Sprig-gins repeatedly tried to contact respondent regarding the matter, to no avail. Accord- *277 mg to Mrs. Spriggins, she finally met with respondent at his office sometime in June 2010 to provide him with documents relevant to the medical malpractice case. Thereafter, when Mrs. Spriggins was able to reach respondent by telephone, he informed her that he would be out of state and would not be able to work on the file until he returned. In August 2010, Mrs. Spriggins terminated ^respondent’s representation and requested that he send her file to her new attorney.[3]
In October 2010, Mr. and Mrs. Spriggins filed a complaint against respondent with the ODC. When notice of the complaint was returned to the ODC unclaimed, deputy disciplinary counsel spoke to respondent by telephone on December 14, 2010, and he promised that Mrs. Spriggins’ file would be returned to her by December 17, 2010. Deputy disciplinary counsel confirmed the conversation in writing and faxed the letter to respondent. Respondent did not return the file by December 17th, so deputy disciplinary counsel sent him a second letter reminding him of his obligation to return the file. Nevertheless, he still did not do so.
On December 23, 2010, respondent was personally served with a subpoena compelling him to appear on January 19, 2011 with his entire file in the Spriggins matter. Respondent failed to appear for the sworn statement as scheduled, and he has not returned Mrs. Spriggins’ file.
DISCIPLINARY PROCEEDINGS
In March 2011, the ODC filed three counts of formal charges against respondent, alleging that his conduct in the Lee, Gayden, and Spriggins matters violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
|4Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee determined that respondent violated duties owed to his clients, the public, and the profession. His misconduct was knowing, and likely was intentional. Respondent has caused and continues to cause actual injury to his clients, as the resolution of their legal matters has been delayed. The applicable baseline sanction in this matter ranges from a lengthy suspension to disbarment.
In aggravation, the committee found a pattern of misconduct, multiple offenses, vulnerability of the victims, substantial experience in the practice of law (admitted *278 1979), and indifference to making restitution. The sole mitigating factor found by the committee is the absence of a prior disciplinary record.
Turning to the issue of an appropriate sanction, the committee noted that in prior cases involving misconduct similar to that at issue here, this court has imposed suspensions of two or three years. Considering these cases, and the aggravating and mitigating factors present, the committee recommended that respondent be suspended from the practice of law for three years. The committee |5also recommended that respondent be required to make restitution to his clients and that he be required to return their files within thirty days.
Neither respondent nor the ODC filed an objection to the hearing committee’s report. Respondent subsequently sent an e-mail to deputy disciplinary counsel to advise that he is no longer living in the United States, and that he would waive his appearance at the board panel arguments. Respondent also indicated that he does not oppose the three-year suspension recommended by the committee.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges, with two exceptions. First, the board found that respondent did not fail to refund an unearned fee in the Spriggins matter, as he accepted that representation on a contingency fee basis. Second, the board found no evidence that respondent failed to return his clients’ files in the Lee and Gayden matters, as neither complaint makes that allegation and the ODC did not submit any evidence indicating that respondent failed to return these files.
The board determined that respondent knowingly violated duties owed to his clients and the profession. Respondent caused actual injury to his clients by failing to complete any substantive work on their legal matters and by failing to return unearned fees and client files. By failing to respond to or cooperate with the ODC, respondent caused the agency to expend additional time and expense investigating this matter. The applicable baseline sanction in this matter is suspension.
| Jn aggravation, the board found multiple offenses, substantial experience in the practice of law, and indifference to making restitution. The sole mitigating factor found by the board is the absence of a prior disciplinary record.
Turning to the issue of an appropriate sanction, the board noted that in prior cases, this court has imposed suspensions of two to three years for multiple counts of misconduct involving neglect, failure to communicate, and failure to return unearned fees and client files. Considering these cases, and the aggravating and mitigating factors present, the board recommended that respondent be suspended from the practice of law for three years. The board also recommended that respondent be required to refund all unearned fees paid by his clients. Finally, the board recommended that respondent be assessed with the costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an inde *279 pendent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(8). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC 17seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donman, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected the legal matters of three clients, failed to communicate with them, and failed to properly terminate the representation of the clients by refunding unearned fees (to Ms. Lee and Ms. Gayden) and returning client files (to Mrs. Sprig-gins). Respondent also failed to cooperate with the ODC in its investigation of the complaints filed against him. Based on these facts, respondent has violated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
We find that respondent knowingly violated duties owed to his clients and the legal profession, causing actual harm. The applicable baseline sanction in this matter is suspension.
The following aggravating factors are present: a pattern of misconduct, multiple offenses, vulnerability of the victims, substantial experience in the practice of law (admitted 1979), and indifference to making restitution. The sole mitigating factor present is the absence of a prior disciplinary record.
Turning to the issue of an appropriate sanction, case law indicates that this court has imposed substantial suspensions for multiple counts of neglect, failure to |scommunicate, and failure to refund unearned fees.[4] Based on these cases, we agree that the three-year suspension recommended by the board is reasonable.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for three years. We will also order respondent to return Mrs. Spriggins’ file and refund the unearned portion of the legal fees paid by Ms. Lee and Ms. Gayden.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the *280 record, it is ordered that Hugh E. McNeely, Louisiana Bar Roll number 10628, be and he hereby is suspended from the practice of law for three years. It is further ordered that respondent return the file of Leo and Linda Spriggins to his clients and that he refund the unearned portion of the legal fees paid to him by Delores Perkins Lee and Glenda Veal Gayden. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. On September 9, 2011, respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment, and for failure to file a trust account registration statement.

. It appears that respondent did submit the claim to the medical review panel, as he subsequently forwarded to Mrs. Spriggins a copy of the defendant's interrogatories filed with the Patient’s Compensation Fund in In re: Medical Review Panel of Linda Spriggins and her husband, Leo Spriggins v. Ochsner Clinic Foundation and Dr. Michael Townsend, PCF No.2008-00906.

. Notably, the file in respondent's possession contains original videotapes and photographs taken before and after the surgery that is at issue in the malpractice case.

. See, e.g., In re: Roy, 04-0635 (La.4/30/04), 872 So.2d 464 (three-year suspension); In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41 (two-year suspension); In re: Boudreau, 00-3158 (La. 1/5/01), 776 So.2d 428 (three-year suspension); In re: Powers, 99-2069 (La.9/24/99), 744 So.2d 1275 (three-year suspension).