*1079 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Eunice S. Charles, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
Count I — The Griffin Matter
Inez Griffin retained respondent to handle a succession matter, paying her a total of $1,650. Thereafter, she failed to communicate with Ms. Griffin. When respondent did not complete the succession, she failed to refund any portion of the fee or release documentation related to the succession to Ms. Griffin. In order to move *1080 the matter to completion, Ms. Griffin was forced to retain new counsel.
Count II — The Cox Matter
In July 2008, Harlan Cox retained respondent to represent him in a custody matter, paying her $2,500. Thereafter, respondent neglected the matter and failed to return Mr. Cox’s phone calls. During the representation, respondent forged Mr. Cox’s name on an affidavit, which she then notarized. On another occasion, | respondent instructed Mr. Cox, who resided out of state, to meet her at the courthouse on a specific date and time for a hearing that was scheduled. When Mr. Cox arrived, he was advised that no such hearing had been set. Mr. Cox then terminated the representation.
In January 2010, Mr. Cox filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint. Although attempts were made to arrange a sworn statement, respondent repeatedly canceled these statements.
DISCIPLINARY PROCEEDINGS
In August 2011, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 8.3 (candor toward a tribunal), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

IsHearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee determined that respondent acted knowingly and intentionally, causing actual harm, if not potentially serious harm, to her clients. In the Griffin matter, respondent knew or should have known that she was dealing inappropriately with Ms. Griffin’s documentation and money. Her failure to return the unearned portion of her fee and file materials caused injury to Ms. Griffin, and failing to take any apparent steps to rectify this matter can only be interpreted as a knowing and intentional violation. In the Cox matter, respondent failed to provide any response or explanation to the allegation that she forged or, at the very least, falsely notarized her client’s unauthentic signature on an affidavit filed with the court. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the applicable baseline sanction in this matter ranges from a lengthy suspension to disbarment.
In aggravation, the committee found a prior disciplinary record,[2] a pattern of misconduct, multiple offenses, and substantial *1081 experience in the practice of law (admitted 1988). In mitigation, the committee recognized that respondent’s prior disciplinary offense was remote in time.[3]
Turning to the issue of an appropriate sanction, the committee noted that in prior cases involving misconduct similar to that at issue here, this court has | ¿imposed three-year suspensions. Considering these cases, and the aggravating factors present, the committee recommended that respondent be suspended from the practice of law for three years. The committee also recommended that respondent be required to return all files, documents, and materials to her clients, and that she be assessed with the costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent knowingly, if not intentionally, violated duties owed to her clients, the legal system, and the legal profession. She caused significant harm to her clients by collecting fees and then failing to complete the matters for which she was hired, forcing them to hire other counsel. She also failed to refund the unearned fees to these clients. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is suspension.
The board agreed with the aggravating and mitigating factors found by the committee. The board also recognized as aggravating factors respondent’s bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency and her indifference to making restitution.
| .^Turning to the issue of an appropriate sanction, the board noted that in prior jurisprudence in cases involving similar misconduct, this court has imposed sanctions ranging from two-year suspensions to disbarment. Considering these cases, and the aggravating and mitigating factors present, the board recommended that respondent be suspended from the practice of law for three years. The board also recommended that respondent pay restitution to her clients and return to them all documents and files in her possession. Finally, the board recommended that respondent be assessed with the costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
*1082 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
[ 6The record in this deemed admitted matter supports a finding that respondent neglected her clients’ legal matters, failed to communicate with her clients, failed to return unearned fees, failed to return a client’s file, and forged her client’s signature on an affidavit filed with the court. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
Respondent knowingly violated duties owed to her clients, the legal system, and the legal profession, causing actual harm. The applicable baseline sanction in this matter is suspension. The aggravating and mitigating factors found by the disciplinary-board are supported by the record.
Turning to the issue of an appropriate sanction, case law indicates that this court has imposed substantial suspensions for multiple counts of neglect, failure to communicate, and failure to refund unearned fees.[4] Based on these cases, we agree that the three-year suspension recommended by the board is reasonable.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for three years. We will also order respondent to return her clients’ flies and refund the unearned portion of their respective legal fees.
| yDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Eunice S. Charles, Louisiana Bar Roll number 18536, be and she hereby is suspended from the practice of law for three years. It is further ordered that respondent return the files of Inez Griffin and Harlan Cox and refund to them the unearned portion of their respective legal fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On November 30, 2009, respondent was declared ineligible to practice law for failure to file her trust account registration statement. She is also ineligible for failure to complete her annual mandatory continuing legal education requirements and for failure to pay her bar dues and the disciplinary assessment.

. In 1995, respondent was admonished for a violation of Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal) and 8.4(d), which is one of the of *1081 fenses included in the current set of formal charges.

. The committee noted that respondent indicated she suffers from mental problems brought on by post-traumatic stress disorder. However, the committee did not recognize this as a mitigating factor because she failed to provide the ODC with documentation or medical releases to substantiate this claim, despite numerous requests.

. See, e.g., In re: McNeely, 12-1324 (La.9/14/12), 98 So.3d 275 (three-year suspension); In re: Hyman, 09-2652 (La.5/7/10), 34 So.3d 254 (three-year suspension); In re: Hawkins, 07-1619 (La.2/22/08), 974 So.2d 1280 (two-year suspension); In re: Powers, 99-2069 (La.9/24/99), 744 So.2d 1275 (three-year suspension).