PER CURIAM
| ¶ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Hugh E. McNeely, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was originally admitted to the practice of law in Louisiana in 1979. In 2012, this court suspended respondent from the practice of law for a period of three years for neglecting his clients’ legal matters, failing to communicate with his clients, failing to return unearned fees, failing to return his clients’ files, and failing to cooperate with the ODC in its investigation. In re: McNeely, 12-1324 (La. 9/14/12), 98 So.3d 275 (“McNeely I”). The misconduct at issue in McNeely I occurred between 2008 and 2011.
Respondent has not yet sought reinstatement from his suspension in McNeely I. As such, he remains suspended from the practice of law. Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.
| FORMAL CHARGES
In 2009, Julie Clavo hired respondent to represent her in a worker’s compensation claim against her employer. Thereafter, respondent informed her that he and defense counsel, Thomas McGaw, were working on a settlement. The day before trial, respondent and Mr. McGaw signed pleadings voluntarily dismissing Ms. Clavo’s case, which was done without Ms. Clavo’s knowledge or consent. When she learned the matter had been dismissed, Ms. Clavo attempted to contact respondent, but she was not successful. Ms. Clavo then sent respondent a letter terminating his services and requesting a copy of her file, but she heard nothing in response.
In November 2013, Ms. Clavo filed a disciplinary complaint against respondent. Respondent failed to respond to notice of the complaint, which had been twice mailed to respondent’s registered address in Saudi Arabia and e-mailed to respondent on two occasions in 2014. Respondent has not communicated with the ODC about this matter in any way.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a)(1) (failure to promptly inform the client of any decision or circumstance with respect to which the client’s informed consent is required), 1.4(a)(3) (failure to keep a client reasonably informed about the status of a matter), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
DISCIPLINARY PROCEEDINGS
In November 2014, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Ac *865 cordingly, the factual ^allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations set forth above. Based on these facts, the committee determined that respondent violated Rules 1.3, 1.4(a)(3), 1.4(a)(4) (failure to promptly comply with reasonable requests for information), 1.5(a) (charging an unreasonable fee), 1.16(d), and 8.4(a) of the Rules of Professional Conduct.
After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction ranges from suspension to disbarment. In aggravation, the committee found a prior disciplinary record, substantial experience in the practice of law (admitted 1979), and indifference to making restitution. The committee made no mention of mitigating circumstances.
After also considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended that respondent be suspended from the practice of law for three years, with all but one year deferred, subject to a two-year period of probation.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.
| ¿Disciplinary Board Recommendation
■ After review, the disciplinary board determined that the hearing committee’s factual findings are supported by the deemed admitted factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. Based' on these facts and evidence, the board determined that the committee correctly applied the Rules of Professional Conduct, but with some exceptions. The board found that respondent violated Rule 1.4(a)(1) by dismissing Ms. Clavo’s case without her consent and knowledge, and Rule 8.1(c) by failing to respond to the ODC’s numerous requests for a response to the complaint. The board declined to adopt the committee’s finding that respondent violated Rules 1.4(a)(4) and 1.5(a) since the ODC did not include these rules in the formal charges.
The board then determined that respondent knowingly, if not intentionally, violated duties owed to his client and the legal profession. Respondent caused significant harm to Ms. Clavo by accepting her case, failing to communicate with her about the status of the matter, and then dismissing the matter without her consent. Respondent did not comply with his obligations after termination of the representation, such as returning Ms. Clavo’s file. Respondent also caused the ODC to expend additional resources by failing to cooperate with its investigation. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found substantial experience in the practice of law and indifference to making restitution. The board found that no mitigating factors are supported by the record.
Turning to the issue of an appropriate sanction, the board considered the case of Louisiana State Bar Ass’n v. Chatelain, *866 573 So.2d 470 (La. 1991), wherein the court observed that when a second attorney disciplinary proceeding involves conduct that occurred. during the same time period as the first proceeding, the | ^overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. The misconduct in the instant matter occurred between 2009 and 2014 and the rmisconduct in McNeely I occurred between 2008 and 2011. The board determined that, based on Chate-lain, .the.misconduct in this matter must be considered with the misconduct subject of McNeely I, in which respondent, was suspended for three years. The board concluded that, had the court considered the misconduct in .this matter with the misconduct in McNeely I, it still would have suspended respondent for three years.
Accordingly, the board recommended that respondent be adjudged guilty of additional rule violations to be considered when and if he seeks reinstatement to the practice of law. The board also recommended that respondent be assessed with the costs and expenses of this proceeding,
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers, of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of- § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC Lseeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, and failed to fulfill obligations upon termination of representation. Respondent also failed to cooperate with the ODC in its investigation of the complaint filed against him. Based on these facts, respondent has'violated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent knowingly, if not intentionally, violated duties owed to his client *867 and the legal profession, causing significant actual harm. The baseline sanction for this type of misconduct is suspension.-The aggravating factors found by the board are supported by the rebord. There are no mitigating factors present.
Turning to the issi e of an appropriate sanction, we agree with the board that, based on Chatelain, the misconduct in the instant matter should be considered along with the misconduct in McNeely I. We also agree that the combined | ^misconduct would warrant no more than a three-year suspension from the practice of law, as was imposed in McNeely I.
Accordingly, we will adopt the board’s recommendation and adjudge respondent guilty of additional rule violations to be considered when and if he applies for reinstatement to the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Hugh E. McNeely, Louisiana Bar Roll number 10628, be and he hereby is adjudged guilty of additional violations warranting discipline, which shall be considered in the event he applies for reinstatement from his suspension in In re: McNeely, 12-1324 (La. 9/14/12), 98 So.3d 275. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.